

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| BABAJIDE SOBITAN, | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | No: 07 C 1165 |
|  | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 29, 2003, the United States sought and obtained a superseding indictment against Petitioner, Babajide Sobitan, also known as Paul A. Makinde. Following a bench trial on December 15, 2003, and the submission of written closing arguments by the parties thereafter, on February 25, 2004, this Court found Sobitan guilty on the indictment. The Petitioner, proceeding *pro se,* now moves, pursuant to 28 U.S.C. § 2255, to vacate his 97-month sentence and set aside his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326.

### BACKGROUND

On October 29, 2003, Petitioner was charged in a one-count indictment. The indictment charged that Petitioner – an alien who had been previously deported and removed from the United States on or about July 19, 1996, and whose removal was subsequent to a conviction for an aggravated felony – knowingly and intentionally attempted to enter the United States without previously obtaining the express consent of the United States' Attorney General for reapplication by the Petitioner for admission into the United States, in violation of 8 U.S.C. § 1326(a)-(b)(2).

Sobitan waived trial by jury. Following a bench trial on December 15, 2003, and the submission of written closing arguments by the parties, on February 25, 2004, this Court found Sobitan guilty on the indictment.

The following facts are set out in the "Findings of Fact" section of the Court's February 25, 2004 Opinion and Order. *See United States v. Sobitan*, 2004 WL 406774 (N.D. Ill. 2004).

Petitioner is an alien. He was born in Nigeria and is not now, and has never been, a citizen of the United States.

Petitioner, using the name Paul Makinde, was convicted of two aggravated felonies, conspiracy to possess with intent to distribute and to distribute heroin on October 16, 1990, and manufacturing and delivery of a controlled substance and armed violence on October 11, 1991.

Petitioner, using the name Paul Makinde, was deported from the United States on January 19, 1996.

On or about December 20, 2002, Petitioner traveled with his brother-in-law to Nigeria to visit family members residing in Nigeria. Upon his return from Nigeria, Petitioner came through O'Hare Airport.

On April 29, 2003, when Petitioner attempted to enter the United States at O'Hare International Airport, he used the name Babajide Sobitan. At the time of his attempted reentry into the United States, Petitioner had not obtained the express consent of the Attorney General of the United States to reapply for admission into the United States after having been deported following his convictions for two aggravated felonies.

On June 29, 2004, five days after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), this Court sentenced Petitioner under the Guidelines to a term of imprisonment of 97 months, the maximum sentence authorized by the Guidelines, over a defense objection that the Guidelines were unconstitutional. Tr. 6/29/04 at 39, 47-48. The Court also imposed a term of supervised release of three years, ordered Sobitan to pay a fine of $2,000, and ordered Sobitan to surrender to the immigration services for deportation upon completion of his incarceration sentence. Tr. 6/29/04 at 47-48.

Sobitan appealed his conviction and sentence; and on June 23, 2005, the Seventh Circuit Court of Appeals vacated Sobitan's sentence and remanded the case for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). After Sobitan's initial sentencing, *Booker* had held mandatory application of the Guidelines unconstitutional and mandated advisory application of the Guidelines.

On remand, the Court reimposed the same sentence; and Sobitan again appealed. On appeal, Sobitan's counsel filed an *Anders* brief, contending that the appeal should be dismissed because Sobitan had no non-frivolous arguments. Sobitan filed a written response to his counsel's filing. The Seventh Circuit rejected Sobitan's arguments, agreed with appellate counsel and dismissed the appeal. *United States v. Sobitan*, 2006 WL 3368901 (7th Cir. 2006).

On February 28, 2007, Petitioner filed this § 2255 petition *pro se* and alleged that his retained trial counsel and his court-appointed counsel on appeal and at his re-sentencing provided ineffective assistance of counsel; but for which, he claims, there is a reasonable probability that he would have been found not guilty. Petitioner also asserts that the government presented insufficient evidence to convict him beyond a reasonable doubt.

## LEGAL STANDARD

To succeed on his claim of ineffective assistance of counsel, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) Defendant suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*), citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at 760 (citation omitted). "To meet the prejudice prong, [Defendant] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

## ANALYSIS

### *Ineffective Assistance of Counsel*

Petitioner asserts that his trial counsel failed to provide him with effective representation on the four grounds detailed below. He also argues that his appellate counsel was ineffective for failing to raise these grounds on appeal. Under § 2255, a litigant must show that any perceived inadequacy of defense counsel created "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The mere possibility of prejudice "does not qualify as actual prejudice." *Prewitt*, 83 F.3d at 819. Thus, Petitioner must show that these perceived inadequacies impacted the outcome of the criminal proceedings against him. This Court need not consider the first prong of

4

the *Strickland* test if it finds that counsels' alleged deficiencies did not prejudice the defendant. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003), *citing Matheney v. Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001). As the Court noted in *Strickland*, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. For each of the grounds the Petitioner raises, he has not shown his trial counsel's alleged failures resulted in prejudice to the Petitioner. To the extent that Petitioner argues that his appellate counsel were ineffective for failing to assert on appeal the arguments addressed in detail below, his claims should be rejected for the same reasons.

First, Petitioner contends that his trial counsel failed to challenge the validity of the order of deportation, which directed his deportation and barred his reentry into the United States, and by failing to do so, provided Petitioner ineffective assistance of counsel. This claim fails because had trial counsel challenged the order, it would have failed as a matter of law; and, therefore, the Petitioner suffered no prejudice by his counsel's decision not to do so. Title 18, United States Code, Section 1326(d)(3), provides that a defendant charged under §1326 may not challenge the validity of the underlying deportation order unless, among other factors, the order was fundamentally unfair. *United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006) (*Santiago-Ochoa*). Fundamental unfairness requires a showing that a defendant's constitutionally protected due process rights were violated. *Santiago-Ochoa*, 447 F.3d at 1019-20. Here, Petitioner argues that his trial counsel should have challenged his deportation order, asserting that he had right the to be informed of eligibility for, or to be considered for, discretionary relief. Under these facts, the loss of a chance at wholly discretionary relief from

removal is not "the kind of deprivation of liberty or property that the due process clause is designed to protect," *United States v. Roque-Espinoza*, 338 F.3d 724, 729 (7th Cir. 2003); and thus, there was no fundamental unfairness. Further, Petitioner cannot demonstrate prejudice. As described above, at the time of his deportation, he was an aggravated felon, conclusively presumed to be subject to removal and was ineligible for discretionary relief, such as cancellation of removal, voluntary departure, or registration as a resident alien. *Santiago-Ochoa* at 1020.

Second, the Petitioner asserts that his trial counsel was ineffective for failing to seek dismissal of the indictment on statute of limitations grounds. Petitioner states that following his deportation, he initially reentered the United States in 1996 and thereafter left and returned several times before he was arrested, attempting to reenter in April 2003. Petitioner asserts that the five-year statute of limitations should run from his initial reentry into the United States (in 1996) and that by 2003, the statute of limitations had expired. Here, too, however, Petitioner fails to make a showing of prejudice. Each attempted reentry into the country gave rise to a new violation and a new five-year limitations period for prosecution. *United States v. Morgan*, 380 F.3d 698, 701-703 (2d Cir. 2004). Thus, because the statute of limitations defense would not have been accepted by this Court, the Petitioner fails to show that he was prejudiced by his trial counsel's failure to assert the defense.

Third, Petitioner asserts that his trial counsel was ineffective for failing to obtain Petitioner's acquittal on the grounds that the Government had failed to allege and prove all the elements of the offense. Petitioner asserts that if his trial counsel had made these arguments before this Court, Petitioner would have been acquitted. Petitioner first argues that attempted illegal reentry is a specific intent crime and that intent was not proven. Petitioner argues that the

Government must prove that he knowingly and intentionally attempted to reenter the country without the express consent of the Attorney General, and Petitioner argues that he genuinely believed that actions of the INS evidenced such consent. Again, Petitioner's argument fails. The only intent the government is required to prove is the intent to reenter. *United States v. Carlos-Colmenares*, 253 F.3d 276, 278 (7th Cir. 2001) ("intent to reenter the country without the Attorney General's express consent is not an element of Section 1326. Intent to reenter is an element."). Thus, as Petitioner does not dispute that he intended to reenter the United States in April 2003, Petitioner cannot show that his trial counsel's failure to obtain an acquittal on this basis prejudiced him. Petitioner next argues that the indictment failed to allege an overt act and that his trial counsel should have obtained a judgment of acquittal because the indictment failed to allege an overt act. Here, too, Petitioner's argument misstates the law, as "an indictment alleging attempted illegal reentry under §1326(a) need not specifically allege a particular overt act . . . ." *United States v. Resendiz-Ponce*, 127 S.Ct. 782, 787-788 (2007). Thus, petitioner cannot establish that he suffered prejudice from his trial counsel's alleged failings.

Fourth, Petitioner asserts that his trial counsel was ineffective for failing to argue a fatal variance existed between the charges in the indictment and the Government's evidence at trial. "A variance occurs when the terms of the indictment are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Mosley*, 786 F.2d 1330, 1335-36 (7th Cir. 1986). A "variance between the [indictment] and the evidence at trial is not fatal unless the defendant can show he has been deprived of an adequate opportunity to prepare a defense." *United States v. Hach*, 162 F.3d 937, 948 (7th Cir. 1998). The variance identified by the Petitioner is that at trial, the Government presented evidence that

the basis for his deportation order was overstaying his visa, while the indictment charges that he was deported for having been convicted of an aggravated felony. However, the Petitioner is mistaken. The indictment against the Petitioner charges that Petitioner was previously deported on or about January 19, 1996. Although the indictment states that Petitioner's removal was subsequent to a conviction for an aggravated felony, the indictment does not charge that the Petitioner's conviction was the basis for the deportation. Rather, the Superseding Indictment charges the Petitioner with "knowingly and intentionally attempt[ing] to enter the United States without previously obtaining the express consent of the United States Attorney General for reapplication . . . for admission into the United States." (Superseding Indictment). As the Petitioner cannot show he has been deprived of an adequate opportunity to prepare a defense, there was no fatal variance under the facts currently before the Court.

Petitioner also contends that his counsel at re-sentencing in the District Court and his appellate counsel for his second direct appeal to the Seventh Circuit were ineffective because they failed to argue that the correct advisory Sentencing Guidelines calculation was a sentencing range of 63-78 months, not the 78-97 months determined by the Court. Petitioner asserts that this lower range is appropriate because conduct supporting a two-level enhancement for obstruction of justice was found by the Court by a preponderance of the evidence and not by a jury beyond a reasonable doubt. Sobitan further asserts that when the Seventh Circuit on his first appeal vacated his sentence on the basis of *United States v. Booker*, 543 U.S. 220, 229 (2005), that ruling prohibited this Court from considering the two-level enhancement for obstruction of justice. Petitioner presented this same argument to the Seventh Circuit in a filing opposing the *Anders* brief filed by his appellate counsel in his second appeal. *United States v. Sobitan*, 2006

WL 3368901, *1 (7th Cir. 2006). The Seventh Circuit rejected Petitioner's argument, granted appellate counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal because Petitioner had no non-frivolous arguments. A claim fully litigated on direct appeal may not be re-litigated in a § 2255 petition, *People v. United States*, 403 F.3d 844, 846 (7th Cir. 2005); therefore, this issue is not properly before this Court.

### *Insufficient Evidence*

The Petitioner also claims that the evidence against him was insufficient.

On direct appeal, Petitioner's appellate counsel did not raise the issue of insufficiency of the evidence. Where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a Section 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. *United States v. Frady*, 456 U.S. 152, 168 (1982). "Relief will only be granted where the error is jurisdictional, constitutional, or is a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). Though ineffective assistance of counsel could establish "cause" for not appealing, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), Petitioner's counsel was not ineffective in failing to advance Sobitan's arguments regarding the sufficiency of the evidence, since any such argument would have been futile. The evidence presented against Petitioner at trial, and as detailed in the Court's extensive, written findings of fact and conclusions of law, show that the Government proved Petitioner guilty beyond a reasonable doubt. None of the arguments presented by Petitioner provides any basis to question the validity of this Court's findings or that the Government's evidence did not meet the burden of proof.

Finally, Petitioner contends that the evidence is insufficient to convict him because of the doctrine of official restraint. That doctrine holds that if a government official has an alien under surveillance from the moment he passes the port of entry until the moment of arrest, the alien has not "entered" the United States and, thus, cannot be convicted for being an alien found in the United States after deportation following an aggravated felony conviction. *See United States v. Ruiz-Lopez*, 234 F.3d 445, 448 (9th Cir. 2001). Petitioner contends that the INS investigation of him as he flew toward the United States constituted such official restraint. However, this argument fails because Petitioner was charged with attempted reentry; he was not charged with being found in the United States.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion to Vacate his 97-month sentence and set aside his conviction for illegal reentry into the United States in violation of 8 U.S.C. §1326 is denied.

Dated: June 7, 2007

JOHN W. DARRAH
United States District Court Judge