# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BABAJIDE SOBITAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No: 07 C 1165 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Babajide Sobitan, seeks a certificate of appealability following the denial of his Petition for a Writ of *Habeas Corpus* by this Court on June 7, 2007.

## BACKGROUND

On October 29, 2003, Petitioner was charged in a one-count indictment. The indictment charged that Petitioner – an alien who had been previously deported and removed from the United States on or about July 19, 1996, and whose removal was subsequent to a conviction for an aggravated felony – knowingly and intentionally attempted to enter the United States without previously obtaining the express consent of the United States' Attorney General for reapplication by the Petitioner for admission into the United States, in violation of 8 U.S.C. § 1326(a)-(b)(2). Following a bench trial on December 15, 2003, and the submission of written closing arguments by the parties, on February 25, 2004, this Court found Sobitan guilty on the indictment.

On June 29, 2004, five days after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), this Court sentenced Petitioner under the Guidelines to a term of imprisonment of 97 months, the maximum sentence authorized by the Guidelines, over a defense objection that the Guidelines were unconstitutional. Tr. 6/29/04 at 39, 47-48. The Court also

imposed a term of supervised release of three years, ordered Sobitan to pay a fine of $2,000, and ordered Sobitan to surrender to the immigration services for deportation upon completion of his incarceration sentence. Tr. 6/29/04 at 47-48.

Sobitan appealed his conviction and sentence; and on June 23, 2005, the Seventh Circuit Court of Appeals vacated Sobitan's sentence and remanded the case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). After Sobitan's initial sentencing, *Booker* had held mandatory application of the Guidelines unconstitutional and mandated advisory application of the Guidelines.

On remand, the Court reimposed the same sentence; and Sobitan again appealed. On appeal, Sobitan's counsel filed an *Anders* brief, contending that the appeal should be dismissed because Sobitan had no non-frivolous arguments. Sobitan filed a written response to his counsel's filing. The Seventh Circuit rejected Sobitan's arguments, agreed with appellate counsel and dismissed the appeal. *United States v. Sobitan*, 2006 WL 3368901 (7th Cir. 2006).

On February 28, 2007, Petitioner filed a Section 2255 petition. The *habeas corpus* petition alleged that his retained trial counsel and his court-appointed counsel on appeal and at his resentencing provided ineffective assistance of counsel; but for which, he claims, there is a reasonable probability that he would have been found not guilty. Petitioner also asserted that the Government presented insufficient evidence to convict him beyond a reasonable doubt.

On June 7, 2007, this Court denied Petitioner's Petition for a Writ of *Habeas Corpus*. With respect to Petitioner's ineffective assistance of counsel claims, the Court found counsel's alleged deficiencies did not prejudice the Petitioner. The Court found that Petitioner's insufficiency claim was procedurally defaulted; and, even if the claim were not procedurally defaulted, it should be denied on its merits.

## ANALYSIS

Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ." Seventh Cir. Rule 22(b). Petitions for writs of *habeas corpus* may be dismissed on procedural grounds, or a court can reach the merits of the petitioner's claims. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With regard to Petitioner's ineffective assistance of counsel claims, reasonable jurists would not find the Court's assessment of those claims debatable. Petitioner failed to present any credible evidence that his trial counsel acted unreasonably by failing to challenge the validity of the order of deportation, by failing to seek dismissal of the indictment on statute-of-limitations grounds, by failing to obtain Petitioner's acquittal on the grounds that the Government had failed

to allege and prove all the elements of the offense, or by failing to argue a fatal variance existed between the charges in the indictment and the Government's evidence at trial. Petitioner also presented no credible evidence that his counsel at resentencing in the District Court and his appellate counsel for his second direct appeal to the Seventh Circuit were ineffective because they failed to argue that the correct advisory Sentencing Guidelines calculation was a sentencing range of 63-78 months, not the 78-97 months determined by the Court.

Regarding Petitioner's claim that the evidence against him was insufficient, this claim was procedurally defaulted. Even if it were not procedurally defaulted, reasonable jurists would not find debatable the Court's assessment that the insufficiency claim should be denied on the merits. Petitioner did not provide any credible basis to question the validity of this Court's bench trial finding that the Government's evidence met the burden of proof.

## CONCLUSION

Based on the above, Petitioner's application for a certificate of appealability is denied.

Dated: August 15, 2007

JOHN W. DARRAH
United States District Court Judge